**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHAN BILLINGSLEY, et al., | ) | CASE NO. 1:21-cv-00944 |
| Plaintiffs, | ) ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) ) | |
| THE LINCOLN ELECTRIC COMPANY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) ) | |

Nathan Billingsley, putatively acting as the lead plaintiff in a group of over 100 other former and/or current employees of The Lincoln Electric Company (Lincoln), filed this underlying Fair Labor Standards Act (FLSA) action alleging that Lincoln violated the FLSA by not properly training employees in Lincoln's policy of automatically deducting time for a lunch break from the daily hours worked by piece rate workers but restoring the deduction if the worker reported he/she worked through the break. (R. 1).

As acknowledged by both sides, a majority of the present plaintiffs are former opt-in members of a prior asserted class action that sought to present the same issue that is raised here. (R. 10, at 2-3). In that matter, the district judge first conditionally certified the class before later decertifying it after discovery, dismissing the opt-in plaintiffs' claims without prejudice and then approving the settlement and dismissal of the sole remaining claim. *Roby v. The Lincoln Electric Company*, No. 1:18-cv-00006, 2021 WL 722680 (N.D. Ohio Feb. 2, 2021).

Now before the Court is Lincoln's motion under Rule 21 of the Federal Rules of Civil Procedure to sever all the claims of the individual plaintiffs, except the claim of Mr. Billingsley, into separate individual cases, dismissing them without prejudice, while proceeding to adjudicate only the remaining claim of Mr. Billingsley. (R. 3). The Plaintiffs have replied in opposition (R. 10), to which Lincoln has replied. (R. 12).

For the following reasons, Lincoln's motion will be GRANTED in part as is more fully detailed below.

**I. Standard of Review**

In the context of this case, Lincoln's motion to sever involves an interplay between Rule 21 of the Federal Rules of Civil Procedure (Misjoinder and Nonjoinder of Parties) and Rule 20 (Permissive Joinder of Parties). *Monda v. Wal-Mart, Inc*., 2019 WL 7020427, at *2 (S.D. Ohio Dec. 20, 2019); *Reynolds v. Merck Sharp & Dohme Corp.,* 2016 WL 3090951, at *1 (N.D. Ohio June 2, 2016) ("The defendants seek severance [under Rule 21] … based upon the plaintiffs' failure to meet the requirements of permissive joinder under Fed. R. Civ. P. 20.").

Federal Rule of Civil Procedure 20 provides as follows:

Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Courts consider a number of factors when determining whether to sever claims, including:

  (1)  whether the claims arise out of the same transaction or occurrence;

  (2)  whether the claims present some common question of law or fact;

  (3)  whether the settlement of the claims or judicial economy would be facilitated;

  (4)  whether prejudice would be avoided if severance would be granted; and

  (5)  whether different witnesses and documentary proof are required for separate

claims. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citation omitted).

  It is well-established that it is appropriate to address potential misjoinder at an early staged of the case. *Monda,* 2019 WL 7020427, at *2.

  That said, while joinder is generally favored under the federal rules and is liberally permitted, Rule 20 establishes two criteria, stated above, both of which must be met, in order for persons to be joined in one action as plaintiffs. *Id*. at *3. Thus, a failure to satisfy the first requirement of Rule 20 would be dispositive and result in a finding of misjoinder. *Id.* at *4 (citation omitted).

  The first criteria – transactional relatedness – is determined on a case-by-case basis. *Scott v. Fairbanks Capital Corp.*, 284 Fed. Supp. 2d 880, 888 (S.D. Ohio 2003). "Mere factual similarity is not sufficient to compel joinder." *Id*.; *Reynolds*, 2016 WL 3090951, at *2 ("While the same transaction or occurrence is a flexible concept, …mere factual similarity between the claims is not enough to show that the claims arise from the same transaction or occurrence.") (citation omitted; internal quotation marks omitted).

  Should a finding be made under Rule 20 that parties have been misjoined, Rule 21 provides, as detailed above, that the court may sever such parties at any time, on just terms. Indeed, the Sixth Circuit has recognized that "[t]he permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed."

*Parchman*, 896 F.3d at 733. In that same vein, "[t]he manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 682 (6th Cir. 1988). To that point, dropping misjoined parties to the lawsuit without prejudice is appropriate (*id*. at 682); as is directing the first-named party to file an amended complaint after granting the motion to sever, dismissing all claims of other plaintiffs without prejudice, and directing those parties to file new, separate complaints within 30 days of granting the motion to severe. *Bozek v. Wal-Mart Stores, Inc.*, 2015 WL 3818984, at *3 (N.D. Ill. June 17, 2015; *see also*, *Monda*, 2019 WL 7020427, at ** 5-6 (dismissing all plaintiffs except lead plaintiff without prejudice but waiving filing fees for re-filing and directing the clerk to assign all refiled cases as related).

## II. Analysis

In conformity with the analytical framework detailed above, the present motion is examined first under Rule 20 to determine if there has been misjoinder of parties and then, if there has been misjoinder, to ascertain appropriate actions.

<u>Rule 20 analysis</u>

A review of the relevant record establishes that there has been misjoinder of plaintiffs under the standard set by Rule 20. Essentially, it is this Court's prior decertification order in *Roby* itself that defeats any attempt to join these plaintiffs here. In decertifying the asserted class in that prior case, the district judge noted:

- The meal habits of the plaintiffs varied widely, depending on the particular plant, where the employee worked within the plant and the individual rules of individual departments;

4

- Some departments had set meal times when their machines were shut down, whereas in other departments machines ran all the time, there were yet others where meal times were only suggested and still others where the departments ordered food to be brought in;

- Moreover, whether and how much the company meal policy was enforced "seems again to depend on an employee's plant, department and supervisor;" and

- "[W]hether an employee chose to ignore company policy and if so, why, is an individualized question for each class member."

*Roby*, 2021 WL 722680, at **4-5.

From the record, partially recounted above, the district judge in the prior *Roby* action found that "the only 'common' thread here is that this question [of how Lincoln's meal break policy effected its workers] is individualized for each conditional class member[] and will be subject to different proofs and defenses on an individualized basis." *Id*. at *4. Thus, the court concluded:

> Given the lack of uniformity with respect to whether and/or how often workers took their meal breaks in this case, and the fact that their actions were often dictated by the practices of their departments and job duties, their plant and their supervisors and their own self-interest, the Court or jury will need to resolve a number of different factual questions for each Plaintiff (offset by the corresponding defenses) in order to determine if there was a FLSA violation for each and every Plaintiff.

*Id*. at *6.

The Plaintiffs here initially assert that the decertification order in the prior case does not of itself bar a subsequent action under the FLSA. (R. 10, PageID# 1050-1056). While true, that is not the relevant question. The test in adjudicating a Rule 20 motion is, as stated above, whether

5

the claims arise from the *same* transaction or occurrence or series of occurrences. A mere "factual similarity" among the claims does not make the necessary showing. *Reynolds*, 2016 WL 3090951, at *2. But it is also true that a case-by-case evaluation of this issue will permit joinder in situations involving "reasonably related claims." *Johnson v. United Parcel Service, Inc.*, 2006 WL 686884, at **5-6 (E.D. Tenn. Mar. 16, 2006) (*citing Mosley v. Gen'l Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

As to this point, the prior findings of the decertification order remain highly relevant and weigh strongly on the side of finding impermissible joinder. Plaintiffs contend that the common occurrence for Rule 20 purposes can be found in the fact that Lincoln had a common policy regarding meal breaks on which it failed to train its employees and/or failed to supervise its implementation. (R. 10, PageID# 1048, 1050).

It remains true, however, that even under this corporate "failure to train and supervise" theory, the Court has already found that "[t]here is no dispute that the meal break policy is contained in the employee handbook which is available to all employees and was discussed in each employee's orientation." *Roby*, 2021 WL 722680, at *5. Thus, proving individual claims under Plaintiffs' theory, while accepting the facts previously found, will necessarily involve highly individualized inquiries into what, when and how each employee knew about the meal policy and whether any recognized exceptions to it existed, as well as inquiries into how that policy may have been actually modified by localized practices that existed in different areas or with certain supervisors.

In sum, Lincoln has shown, even under a flexible understanding of "common occurrence," that Plaintiffs' claims, viewed under Rule 20, do not arise under out of the same transaction or occurrence and so the parties have been misjoined. *See Monda*, 2019 WL

7020427, at *3 (Misjoinder found based on existence of "significant differences, including acknowledging that that Plaintiffs worked in different Wal-Mart stores, [had] different [co-workers], worked in various positions and departments, and worked at different points in time – and for various lengths of time" such that resolution of claims would need to focus on individual work histories).

Thus, that portion of Lincoln's motion addressing severance of misjoined parties and claims is granted

Rule 21 analysis

Having found that the parties have been misjoined, the analysis turns to a how to proceed regarding the improperly joined plaintiffs. As noted above, the Court enjoys discretion to sever any misjoined party "on just terms," but is not required to select dismissal as the only or even preferred remedy.

Here, Lincoln would dismiss all the misjoined claims without prejudice. Plaintiffs, however, ask the Court to order the Clerk of Courts to create separate case numbers for each severed claim and order each Plaintiff to file an amended complaint so that each severed claim can proceed as if it has been filed separately. (R. 10, PageID# 1056) (*citing Lee v. Cook County, Il.*, 635 F.3d 969, 971 (7th Cir. 2013)). Plaintiffs argue that absent such a provision, those plaintiffs whose complaints are dismissed would be exposed to the running of the statute of limitations, rendering their complaints "as if the dismissed suit had never been filed." *Luevano v. Wal-Mart*, 722 F.3d 1014, 1023 (7th Cir. 2013) (citations omitted)..

Thus, in resolving the Rule 21 portion of the current motion, the Court must consider well-established, but competing, equitable principles such as a preference for resolving claims on their merits in an efficient manner while recognizing that a party's strategic decisions have

consequences. Further, the Court must also consider the complexity of this case and the wise use of judicial resources. In that regard, in addition to present case involving more than 100 individual claims by more than 100 plaintiffs—who along with their counsel elected to refile their claims in one action following decertification of their class action—which could create an equal number of new, independent cases, there is also the reality that, in addition to a relevant, but distinct *Roby* case presided over by a different district judge in this district for nearly three years of active litigation, the present case now has its second presiding judge since it was filed last year. All the above factors are relevant to the Court's determination.

Accordingly, resolution of this Rule 21 portion of the current motion will be RESERVED, pending a status conference with counsel to address this issue within the context of a report by the parties to the Court regarding the overall status of the case and prospects for case management and claims resolution now that misjoinder has been found. The Court will issue a separate order regarding the status conference.

### III. Conclusion

Accordingly, for the reasons stated, Lincoln's motion (R. 3) is GRANTED in part, with the Court finding that there has been misjoinder of parties. Ruling as to the remaining portion of the motion addressing the process for dealing with misjoined parties is RESERVED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 30, 2022